1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

5

6

7

8

9

JEREMY A. ROBBINS,           )
                                     )

                    Plaintiff,      )

        v.                 )

DOUG BRADY, *et al.*,       )
                                     )

                  Defendants.     )

3:11-cv-00177-ECR-VPC

<u>**REPORT AND RECOMMENDATION**</u>
<u>**OF U.S. MAGISTRATE JUDGE**</u>

August 23, 2011

10

11

12

13

14

15

       This Report and Recommendation is made to the Honorable Edward C. Reed, Senior United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's application for leave to proceed *in forma pauperis*, accompanied by his *pro se* civil rights complaint, which he filed on March 9, 2011 (#1).[1]  The court recommends that plaintiff's application to proceed *in forma pauperis* be granted.  *Id.*  The court now reviews plaintiff's complaint (#1-1).

16

**I. HISTORY & PROCEDURAL BACKGROUND**

17

18

19

20

21

22

23

24

25

26

       Plaintiff Jeremy Robbins ("plaintiff"), a *pro se* litigant and former inmate at Washoe County Detention Facility, brings his complaint pursuant to 42 U.S.C. § 1983.  *Id.*  Plaintiff alleges that during his arrest, defendant Brady unnecessarily "drew his service weapon and fired at [plaintiff's] back. . . . severing all tendons and breaking [his] arm."  *Id.* at 4.  Further, plaintiff claims that defendant John Doe #2, who was present during the arrest, "failed to come forward" to correct defendant Brady's false statements about the encounter.  *Id.*  Plaintiff also contends that defendants John Doe #1 and Haley failed to investigate the false statements or to "check the gross misuse of power by those in their command."  *Id.*  Plaintiff names the following defendants in both their official and individual capacities: Doug Brady, sergeant in the Washoe County Sheriff's Department; John Doe #1, lieutenant in the Washoe County Sheriff's Department; Michael Haley, Washoe

27

28

     [1]    Refers to the court's docket numbers.

1   County Sheriff; and John Doe #2, an employee of the Washoe County Sheriff's Department. *Id.* at

2   2. Plaintiff seeks money damages and injunctive relief. *Id.* at 9.

3                              **II. DISCUSSION & ANALYSIS**

4   **A.      Discussion**

5            **1.      Screening Standard**

6            Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides

7   that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal

8   (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

9   monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-

10  (iii). Dismissal of a complaint for failure to state a claim upon which relief can be granted is

11  provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard

12  under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court

13  dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint

14  with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

15  deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th

16  Cir. 1995).

17          Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab.*

18  *Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper

19  only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would

20  entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this

21  determination, the court takes as true all allegations of material fact stated in the complaint and

22  construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d

23  955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards

24  than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v.*

25  *Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not

26  require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.

27  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements

28  of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

1    Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,

2    because they are no more than mere conclusions, are not entitled to the assumption of truth."

3    *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework

4    of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded

5    factual allegations, a court should assume their veracity and then determine whether they plausibly

6    give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim

7    for relief [is] a context-specific task that requires the reviewing court to draw on its judicial

8    experience and common sense." *Id.*

9    **B.    Analysis**

10       **1.    Defendants**

11           **a.    Official Capacity Suits**

12    Plaintiff brings suit against all Washoe County defendants in their official and individual

13    capacities. The claims against these defendants in their official capacities are actually suits against

14    the entity of which the named defendants are agents. *See Kentucky v. Graham*, 473 U.S. 159 (1985).

15    "As long as the government entity receives notice and an opportunity to respond, an official-capacity

16    suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. The real

17    party in interest in such suits is the entity itself, and the entity, not the named defendant, will be

18    liable for any damages. *Id.* Thus, the official capacity claims against defendants are properly

19    considered claims against the entity they serve - Washoe County.

20    *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), held that municipalities, such as

21    Washoe County, are "persons" subject to damages liability under Section 1983 where "action

22    pursuant to official municipal policy of some nature cause[s] a constitutional tort." *Id.* at 691. The

23    Court emphasized that the municipality itself must cause the constitutional deprivation, and that a

24    city or county may not be held vicariously liable for the unconstitutional acts of its employees under

25    the theory of respondeat superior. *Id.* Claims for municipal liability under Section 1983 can be

26    "based on nothing more than bare allegation that the individual officers' conduct conformed to

27    official policy, custom, or practice." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir.

28    1988).

1    Plaintiff does not allege that any of the defendants' actions conformed to an official policy,

2  custom, or practice of Washoe County.  Rather, plaintiff believes that defendants, acting under color

3  of state law, violated his constitutional rights - acts for which Washoe County may not be held

4  vicarious liable. Therefore, the court recommends that all official capacity suits against defendants

5  be dismissed with prejudice.

6    **2.    Claims**

7        **a.    Excessive Force**

8    Claims that law enforcement officers employed excessive force in the course of a seizure or

9  arrest of an individual are analyzed under the Fourth Amendment. *Smith v. City of Hemet,* 394 F.3d

10  689, 700 (9th Cir. 2005) (citing *Graham v. Connor,* 490 U.S. 386 (1989)); *Ward v. City of San Jose,*

11  967 F.2d 280 (9th Cir. 1992) (as amended)).  The key inquiry in such claims is the reasonableness

12  of the nondeadly force used, which requires balancing "the nature and quality of the intrusion on the

13  individual's Fourth Amendment interests against the countervailing government interests at stake."

14  *Miller v. Clark Cnty.,* 340 F.3d 959, 964 (9th Cir. 2003) (quotations omitted).

15    Courts engage in a three-step analysis to make this determination. *Id.* First, the court must

16  assess "the gravity of the particular intrusion on Fourth Amendment interests by evaluating the type

17  and amount of force inflicted." *Id.*  Second, the court must assess "the importance of the government

18  interests at stake by evaluating: (1) the severity of the crime at issue, (2) whether the suspect posed

19  an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively

20  resisting arrest or attempting to evade arrest by flight." *Id.*  Third, the court may consider other

21  factors, including "the availability of alternative methods of capturing or subduing a suspect." *Smith,*

22  394 F.3d at 701.

23    Plaintiff alleges that defendant Brady shot him in the back, despite the fact that defendant

24  John Doe #2 stood closer to plaintiff with a nonlethal taser gun.  Further, plaintiff claims that when

25  asked about this encounter, defendant Brady lied and defendant John Doe #2 failed to correct his

26  misrepresentations.  Based upon these facts, the court recommends that plaintiff's excessive force

27  claims against defendants Brady and John Doe #2 be permitted to proceed.

28  ///

**b.  Supervisory Liability**

"Liability under [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under [§] 1983."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington Cnty., State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding it is proper to dismiss where there are no allegations of knowledge of or participation in an alleged violation).

Plaintiff alleges that defendants Haley and John Doe #1 failed to investigate or uncover defendant Brady's false statements.  Based on this assertion, it is unclear to the court whether these defendants knew of defendant Brady's alleged use of excessive force or purportedly false statements.  Absent this knowledge, defendants Haley and John Doe #1 cannot be held liable as supervisors because there is no respondeat superior liability under Section 1983.  Therefore, the court recommends that plaintiff's claims against defendants Haley and John Doe #1 be dismissed without prejudice and with leave to amend.

**III.  CONCLUSION**

Based on the foregoing and for good cause appearing, the court recommends that plaintiff's application to proceed *in forma pauperis* be **GRANTED**.  The court also recommends that plaintiff's Fourth Amendment excessive force claims against defendants Brady and John Doe #2 be permitted to **PROCEED**, and plaintiff's supervisory liability claims against defendants Haley and John Doe #1 be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**.  Finally, the court recommends that plaintiff's claims against all defendants in their official capacities be **DISMISSED WITH PREJUDICE**.  The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the

1    District Court.

2        2.        This Report and Recommendation is not an appealable order and any notice of appeal

3    pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

4                                            **IV.  RECOMMENDATION**

5        **IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma*

6    *pauperis* (#1) is **GRANTED.**  Plaintiff **Jeremy A. Robbins**, will be permitted to maintain this

7    action to conclusion without prepayment of the full filing fee.  Plaintiff will not be required to pay

8    fees or costs, other than the filing fee, or give security therefor.  This Order granting *in forma*

9    *pauperis* status shall not extend to the issuance and service of subpoenas at government expense.

10        **IT IS FURTHER RECOMMENDED** that plaintiff's Fourth Amendment excessive force

11   claims against defendants Brady and John Doe #2 may **PROCEED**.

12        **IT IS FURTHER RECOMMENDED** that plaintiff's supervisory liability claims against

13   defendants Haley and John Doe #1 be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE**

14   **TO AMEND**.

15        **IT IS FURTHER RECOMMENDED** that plaintiff's official capacity claims against all

16   defendants be **DISMISSED WITH PREJUDICE**.

17        In the event the District Court adopts this Report and Recommendation, **IT IS FURTHER**

18   **RECOMMENDED**, that:

19        1. The Clerk shall file the complaint (#1-1).

20        2. If plaintiff wishes to have the U.S. Marshal attempt service on these defendants, he shall

21   follow the instructions contained in this Report and Recommendation.  The Clerk shall **ISSUE**

22   summons for Doug Brady and Michael Haley and send the same to the U.S. Marhsal.  The Clerk

23   shall **SEND** to plaintiff two USM-285 forms, two copies of the complaint, and two copies of this

24   Report and Recommendation for the defendants.  Plaintiff shall have until **October 14, 2011**, to

25   complete the USM-285 service forms and return them along with the other documents to the U.S.

26   Marshal for service.  If plaintiff fails to follow these instructions, defendants Doug Brady and

27   Michael Haley will be dismissed for failure to complete service of process pursuant to Federal Rule

28   of Civil Procedure 4(m).

1    2.  Henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by

2  counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for

3  consideration by the court.  Plaintiff shall include with the original paper submitted for filing a

4  certificate stating the date that a true and correct copy of the document was mailed to the defendants

5  or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct

6  service to the individual attorney named in the notice of appearance, at the address stated therein.

7  The court may disregard any paper received by a District Judge or a Magistrate Judge that has not

8  been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

9        **DATED:**  August 23, 2011.

10

11

12        **UNITED STATES MAGISTRATE JUDGE**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28